1  LAW OFFICE OF IRENE KARBELASHVILI
2  Irene Karbelashvili, State Bar Number 232223
   Irakli Karbelashvili, State Bar Number 302971
3  12 South First Street, Suite 413
   San Jose, CA 95113
4  Telephone: (408) 295-0137
   Fax: (408) 295-0142
5

6  Attorneys for SHELBY GAIL HEIFETZ, Plaintiff

7
              **UNITED STATES DISTRICT COURT**
8
            **NORTHERN DISTRICT OF CALIFORNIA**
9

10 _____

11 SHELBY GAIL HEIFETZ,                  )   Case No. 17-cv-00083
                      Plaintiff,         )
12                                       )   *Civil Rights*
   vs.                                   )
13                                       )   **COMPLAINT FOR INJUNCTIVE**
   WAH SIN ENTERPRISES, INC., a          )   **RELIEF AND DAMAGES**
14 California corporation, d/b/a Mandarin )
   Garden; WALTER P. TELLES, an          )
15 individual; and DOES 1 through 20,    )
   inclusive,                            )
16                                       )
                      Defendants.        )
17 _____)   **DEMAND FOR JURY TRIAL**

18

19

20

21

22

23

24

25

26

27

28

# I. SUMMARY

1. This is a civil rights action by Plaintiff Shelby Gail Heifetz ("Plaintiff or "Ms. Heifetz") for disability discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as Mandarin Garden and located at or around 1740 Monument Blvd, Concord, CA 94520.

2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 *et seq.*), and related California statutes,  Ms. Heifetz seeks damages, injunctive and declaratory relief, and attorneys' fees and costs, against Defendants Wah Sin Enterprises, Inc., a California corporation, d/b/a Mandarin Garden; Walter P. Telles, an individual; and Does 1-20, inclusive.

# II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367.

5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. INTRADISTRICT ASSIGNMENT

7. This case should be assigned to the Oakland/San Francisco intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

**V. PARTIES**

8. Defendants Wah Sin Enterprises, Inc., a California corporation, d/b/a Mandarin Garden; Walter P. Telles, an individual; and Does 1-20, inclusive. (collectively, "Defendants") own and/or operate an establishment serving food or drink known as Mandarin Garden and its adjacent parking facilities (hereinafter "Restaurant"), located at or about 1740 Monument Blvd Concord CA 94520.

9. Plaintiff is informed and believes that each of the Defendants, Does 1 through 20 inclusive is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

10. The true names and capacities of Defendants Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Ms. Heifetz. Ms. Heifetz prays leave of Court to amend this Complaint to show such true names and capacities when the names have been ascertained.

11. Ms. Heifetz is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Ms. Heifetz is visually impaired/legally blind and is unable to use portions of public facilities which are not accessible to disabled persons, including those who use a white cane when ambulating. Ms. Heifetz was denied her rights to full and equal access at the Restaurant, and was denied her civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled individuals, including those who are visually impaired/legally blind. Ms. Heifetz possesses a disabled parking placard issued by the State of California. Ms. Heifetz is, and at all times relevant hereto was, a resident of Contra Costa County.

**VI. FACTS**

12. The Restaurant with all its facilities is a restaurant, bar, or other establishment serving food or drink as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(B), and California civil rights laws. Cal. Civ. Code § § 51 *et seq.,* and Health & Safety Code § 19955 *et seq.* The Restaurant is open to the public, is intended for nonresidential use and its operation affects commerce.

13. At all times mentioned herein, Ms. Heifetz is was a visually impaired/legally blind individual who is considered disabled under the Americans with Disabilities Act. Ms. Heifetz's disabilities require her to use a white cane when ambulating.

14. Ms. Heifetz has dined at the Restaurant a number of times. Ms. Heifetz's latest documented visit took place on October 22, 2016. During this and other visits, Ms. Heifetz had difficulties accessing the Restaurant and the adjacent parking facility on full and equal bases with other sighted customers. In the parking lot area, Ms. Heifetz was unable to safely navigate to the

entry door because there aren't any truncated domes, the purpose of which is to alert visually impaired customers, such as Ms. Heifetz, of approaching hazards. Ms. Heifetz also had trouble entering the Restaurant due to the entry door being too heavy for her to open with ease. The entry door also closed too fast. Ms. Heifetz has a slowed reaction time, and on at least one occasion, this entry door nearly struck Ms. Heifetz before she could get out of the way in time. Ms. Heifetz also attempted to use the customer restroom but once again encountered numerous difficulties. First, like the entry door, the customer restroom door closed so fast such that it allowed Ms. Heifetz barely enough time to get out of the way before being struck by the door. Second, it was confusing for Ms. Heifetz to identify the customer restroom because the Braille signage is improper. These issues caused Ms. Heifetz difficulty, discomfort, and/or embarrassment and has also deterred her from visiting the Restaurant more often. These violations also made Ms. Heifetz feel like a second class citizen. Ms. Heifetz believes that only through this civil rights action will she be able to compel Defendants to comply with federal and state accessibility laws.

15. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Restaurant's premises. While he could not make detailed measurements, he determined that the Restaurant was also inaccessible in multiple other ways, including, but not limited to, the following:

- Parking is short

- No parking signage

- No " no parking " on access aisle

- ISA on surface is blocked by parked cars

- No braille exit sign on main door

- Exit door in inner dining room is blocked

- Exit door in inner dining room has no Braille sign

- Exit door by bathroom has no exit sign with Braille

- Sink faucet hard to operate while holding a cane

- Paper towel dispenser hard to operate while holding a cane

16. These barriers prevented Ms. Heifetz from enjoying full and equal access at the Restaurant. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

17. Ms. Heifetz was also deterred from visiting the Restaurant because she knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons such as herself. She continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

18. Defendants knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Restaurant without much difficulty or expense, and make the Restaurant accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an

unreasonable hardship exemption to excuse non-compliance.

19. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to access by the visually impaired/legally blind and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified the Restaurant to conform to accessibility standards. Defendants have intentionally maintained the Restaurant in its current condition and have intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

### VII. FIRST CLAIM
### Americans with Disabilities Act of 1990
### (TITLE III USC §12101 *et seq.*)

### Denial of "Full and Equal" Enjoyment and Use

20.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint, and incorporates them herein as if separately repled.

21.  Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

22. Defendants discriminated against Ms. Heifetz by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

23. The ADA specifically prohibits failing to remove architectural barriers, which are

structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id*. § 12181(9).

24. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id*. § 12182(b)(2)(A)(v).

25. Here, Ms. Heifetz alleges that Defendants can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

26. In the alternative, if it was not "readily achievable" for Defendants to remove the Restaurant's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

27. On information and belief, the Restaurant was designed or constructed or both after January 26, 1992 independently triggering access requirements under Title III of the ADA.

28. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a) (1).

29. Here, Defendants violated the ADA by designing or constructing or both the Restaurant in a manner that was not readily accessible to the physically disabled public, including Heifetz, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

30. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

31. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

32. Here, Defendants altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Ms. Heifetz, to the maximum extent feasible.

**Failure to Modify Existing Policies and Procedures**

33. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

34. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford and would not fundamentally alter the nature of these goods, services, facilities, or accommodations.

35. Ms. Heifetz seeks all relief available under the ADA *i.e.*, injunctive relief, attorneys' fees, costs, legal expense for these aforementioned violations. 42 U.S.C. § 12205.

36. Ms. Heifetz also seeks a finding from this Court *i.e.*, declaratory relief that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights

Act or Disabled Persons Act.

## VIII. SECOND CLAIM
### Disabled Persons Act
### (California Civil Code § 54 *et seq.*)

37. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 36 of this Complaint, and incorporates them herein as if separately repled.

38. The Restaurant is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

39. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

40. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

41. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

42. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to her disability.

43. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3, Plaintiff prays for judgment as set forth below.

## IX. THIRD CLAIM
### Unruh Civil Rights Act
### (California Civil Code §51 *et seq.*)

44. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 43 of this Complaint, and incorporates them herein as if separately repled.

45. The Restaurant is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

46. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

47. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f). Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Restaurant.

48. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

49. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## X. FOURTH CLAIM
### (California Health & Safety Code §§ 19955*et seq.*)
### Denial of Full and Equal Access to Public Facilities

50. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the

allegations contained in Paragraphs 1 through 49 of this Complaint, and incorporates them herein as if separately repled.

51. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities built with private funds shall adhere to the provisions of Government Code § 4450.  Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

52. Ms. Heifetz alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 or both, and that the Restaurant was not exempt under Health and Safety Code § 19956.

53. Defendants' non-compliance with these requirements at the Restaurant aggrieved or potentially aggrieved Ms. Heifetz and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.[1]

2.      Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.      Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.      Attorneys' fees, litigation expenses, and costs of suit.

5.      Interest at the legal rate from the date of the filing of this action.

---

[1] Plaintiff does not seek injunctive relief under Cal. Civ. Code Section 55

Dated: January 2, 2017          /s/ Irene Karbelashvili
                                Irene Karbelashvili, Attorney for Plaintiff
                                SHELBY GAIL HEIFETZ

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: January 2, 2017          /s/ Irene Karbelashvili
                                Irene Karbelashvili, Attorney for Plaintiff
                                SHELBY GAIL HEIFETZ